**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. | **MYRA GREGORY,** | ) |
| | | ) |
| | **Plaintiff,** | ) **CASE NO.:**  20-cv-308-SPS |
| **vs.** | | ) |
| | | ) |
| 1. | **UNITED STATES OF AMERICA,** | ) |
| | | ) |
| 2. | **UNITED STATES DEPARTMENT OF** | ) |
| | **HEALTH AND HUMAN SERVICES,** | ) |
| | | ) |
| 3. | **JASON HILL, an individual,** | ) |
| | | ) |
| 4. | **WILLIAM HAYES, an individual,** | ) |
| | | ) |
| 5. | **JOHN DOES 1-30, unknown individuals** | ) |
| | **of the Choctaw Nation Healthcare** | ) |
| | **Services Authority,** | ) |
| | | ) **JURY TRIAL DEMANDED** |
| | **Defendants.** | ) **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Myra Gregory ("Dr. Gregory") and submits her Complaint asserting her causes of action against the Defendants.

### PARTIES, JURISDICTION & VENUE

1.  Dr. Gregory is a resident of the State of Oklahoma.

2.  The Choctaw Nation Health Services Authority ("CNHSA"), while not a party herein, is an actor in the events giving rise to this Action. CNHSA is a health care organization that is, and hold itself out as, a contractor for purposes of the Federal Tort Claims Act, its employees such as the individually-named Defendants and others to be revealed over the course of discovery, are considered employees of the federal government. *See*, 25 C.F.R. §900.186(a).

1

3.      Upon information and belief, Defendant Jason Hill ("Dr. Hill") is a resident of Talihina, LeFlore County, State of Oklahoma. Dr. Hill is the chief medical officer at CNHSA.

4.      Upon information and belief, Defendant William Hayes ("Dr. Hayes") is a resident of Fort Smith, Arkansas. Dr. Hayes is the chief of staff at CNHSA.

5.      Upon information and belief, John Does 1-30 are employees of CNHSA and reside in or around LeFlore County, State of Oklahoma.

6.      The jurisdictional basis for this Court to determine this cause of action is pursuant to 28 U.S.C. § 1331 as this cause of action arises under federal law, and 28 U.S.C. §1346, as the Defendant is the United States of America; Federal Tort Claims Act, 28 U.S.C. §; *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

7.      The Court likewise has supplemental jurisdiction over Plaintiffs' tort claims pursuant to 28 U.S.C. § 1367.

8.      Venue is properly laid in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b) as the incidents giving rise to this action occurred in LeFlore County, State of Oklahoma.

9.      Pursuant to the Federal Tort Claims Act, 28 U.S.C §1346(B), the undersigned served a "Form 95" notice of claim for damages, injury or death to United States Department of health and human services, Indian Health Services, the United States Department of Health and Human Services acknowledge receipt of Plaintiffs Form 95 on October 15, 2019. Defendant requested additional information which was provided by the Plaintiff on February 7, 2020.  Defendant has not responded with

a denial, but more than six months has passed since the supplementation. Please see attached **Exhibit 1**, Notice of Claim, The Plaintiff has exhausted her administrative remedies.

10.     Pursuant to the Federal Tort Claims Act, the United States of America is liable in tort for the acts and omissions of its employees who provided services at CNHSA.

### Facts Pertinent to All Claims

11.     Dr. Gregory is a skilled and accomplished family practice physician with nearly 30 years' experience. She graduated high school as class valedictorian, finished undergraduate in three years, and graduated medical school in the top 10% of her class. She has worked as Medical Director at two different healthcare facilities.

12.     In 2015, she accepted a position as physician with Choctaw National Healthcare Services Authority.

13.     Dr. Gregory received numerous compliments on the medical care she provided to patients, but CNHSA's executive board complained that Dr. Gregory was not seeing enough patients. Such complaints were not made against male physicians working under the same conditions and with the same patient census.

14.     CNHSA's executive board criticized Dr. Gregory's prescribing, although her prescriptions were well within the accepted standard of care.

15.     Dr. Gregory, dealing with some personal health problems, took time off work to have surgery. When she returned to work, she was informed by CNHSA that her medical privileges had been revoked.

16.     Following this, CNHSA engaged in punitive and humiliating oversight requirements. These requirements were not imposed on male physicians.

17.     Dr. Hill accused the Plaintiff of being engaged in child trafficking.

18.     CNHSA subjected Gregory to repeated drug testing.

19.     CNHSA threatened to have Dr. Gregory reviewed by the medical review board on several occasions.

20.     All of these actions and threats were not based on patient care or actual events but were designed to belittle and degrade the Plaintiff.

21.     The revocation of Gregory's medical privileges negatively impacted her license and insurability. Due to this revocation, she was required to report to the Oklahoma Board of Osteopathic physicians and to her insurance carrier. The consequences of these reports will be on Gregory's record the rest of her career.

22.     A couple of years later, Gregory asked Dr. William Hayes to reinstate her privileges. He laughed and told her that neither he nor anyone else at CNHSA had actually revoked her privileges.

23.     On May 12, 2019, Gregory was informed that her employment contract was going to be terminated in 60 days. No explanation was given.

24.     During that period, while Dr. Gregory was in the middle of treating a patient, CNHSA ordered Dr. Gregory to leave the patient and leave the premises immediately.

25.     Following her termination, Drs. Hill and Hayes have made false and derogatory comments about Dr. Gregory publicly to other CNHSA employees and patients. Among other things, CNHSA told former patients that Dr. Gregory "walked off the job."

4

26.    Dr. Hill and Dr. Hayes have a lengthy history of using legitimate medical review techniques in ways to intimidate, threaten and professionally damage female physicians employed at CNHSA.

27.    The Plaintiff suffered significant financial consequences from Defendant's actions.

28.    Dr. Gregory had difficulty finding another job, only able to find one half way across the state from her family.

29.    Dr. Gregory has and will suffer severe emotional distress, humiliation, and embarrassment at the hands of the Defendants.

30.    Upon information and belief, especially based upon the language contained in Dr. Gregory's employment contract with CNHSA, Dr. Hill, Dr. Hayes, and John Does 1-30 are federal employees.

31.    CNHSA's employees are contractually-required to manage its business affairs in accordance with any applicable federal, state, or local laws, or its statutes, and that all employees must maintain all federal Medicare credentialing. Upon information and belief discovery will reveal extensive admissible evidence establishing that Dr. Hill, Dr. Hayes, and John Does 1-30 acts and omissions were under color of authority of federal law, and such were the cause in fact of the violation of Dr. Gregory's constitutional rights.

32.    Upon information and belief, the Defendants are in possession of employment manuals, personnel files, medical staff job descriptions, and the like that would further establish that the actions by certain CNHSA employees were under color of federal law.

### FIRST CAUSE OF ACTION
### NEGLIGENCE AND NEGLIGENCE PER SE

### Dr. Gregory vs. USA

For the First Cause of Action against the Defendant USA, Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

33.     The USA owed common law and statutory duties to protect persons such as Dr. Gregory from tortious acts committed by its employees or officers, including without limitation: the unlawful and unconstitutional deprivations of her due process and equal protection rights; the discriminatory treatment based on her gender, female; and slander.

34.     The USA is vicariously responsible for the tortious acts of Drs. Hill and Hayes, and John Does 1-30 against Dr. Gregory.

35.     The USA had a common law and statutory duty to train, supervise, monitor and discipline CNHSA officers and employees such as Drs. Hill and Hayes, and John Does 1-30, including termination, once it became known of the obvious signs of their misconduct.

36.     The USA breached the aforementioned duties they owed to persons such as Dr. Gregory, and other common law and statutory duties owed to her which will be revealed during discovery.

37.     Dr. Gregory suffered damages as a direct and proximate result of the duties breached by the USA, which include severe emotional distress, loss of income, degradation/humiliation, pain and suffering, mental pain and suffering, and impairment of earning capacity.

**WHEREFORE**, the Plaintiff Dr. Gregory respectfully requests the Court enter Judgment against the Defendant United States of America, and award her damages in the amount of ten

million dollars ($10,000,000.00), together with interest, cost of the action, and for any and all other relief this court deems just and proper.

**SECOND CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**DR. GREGORY VS. DEFENDANTS**

For the Second Cause of Action against, Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

38. The Defendants' actions and conduct were intentional and reckless, and the same was of an extreme and outrageous nature. Furthermore, such actions and conduct were so extreme and outrageous that it went beyond all possible bounds of decency and would be considered atrocious and utterly intolerable in a civilized society.

39. Defendants have behaved similarly to other female physicians which placed Dr. Gregory in fear that Defendants will continue their campaign against her just as Defendants have with others.

40. As a result of Defendant's actions Dr. Gregory has suffered physical and mental symptoms including, but not necessarily limited to: depression, anxiety, headaches, low energy, fatigue, increased sleeping, nausea, frequent upset stomach and diarrhea, chest pain, frequent illness, and chronic stress.

41. Dr. Hill, Dr. Hayes, and John Does 1-30, as medical professionals similarly situated to Dr. Gregory, knew or should have known that the Defendants' conduct would cause Plaintiffs severe physical and emotional distress. Because Dr. Hill, Dr. Hayes, and John Does 1-30 had years of experience in their professions, they knew precisely the most intimidating and damaging processes they could employ to maximize harm to Dr. Gregory.

**WHEREFORE**, Dr. Gregory respectfully requests this Court enter Judgment against the Defendants award her actual damages in excess of $10,000,000; costs and expenses, punitive damages against Drs. Hill and Hayes, prejudgment and post judgment interest, attorney fees incurred, and any other relief deemed just and equitable.

**THIRD CAUSE OF ACTION**
**FALSE LIGHT**
**DR. GREGORY VS. DEFENDANTS**

For the Third Cause of Action against the Defendants, Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

42.    Dr. Hill, Dr. Hayes, and John Does 1-30 publicly accused Dr. Gregory of committing negligent and injurious acts on her patients to numerous CNHSA employees and the public in general, they questioned her medical decision-making and accused her of making inappropriate medical decisions, publicly stated to Dr. Gregory's former patients that she "walked off the job." The intention of these publications, and other statements and publications discussed throughout and will be revealed over the course of discovery, were undertaken to place Dr. Gregory before the public in a false and negative light.

43.    Dr. Hill, Dr. Hayes, and John Does 1-30 knew that such statements and publications would be highly offensive to a reasonable person.

44.    Dr. Hill, Dr. Hayes, and John Does 1-30 knew Dr. Gregory had not walked off the job, and instead contrived such false allegations in order to inflict harm on Dr. Gregory.

45.    Dr. Hill, Dr. Hayes, and John Does 1-30 statements and publications were made recklessly with actual malice of its falsity and done so as to injure Dr. Gregory intentionally and publicly.

46.    Dr. Hill, Dr. Hayes, and John Does 1-30 statements and publications were reckless, egregious, and malicious entitling Dr. Gregory to an award of punitive damages.

**WHEREFORE**, the Plaintiff Dr. Gregory respectfully requests the Court enter Judgment against the Defendants, in particular Dr. Hill, Dr. Hayes, and John Does 1-30, and award her damages in the amount of ten million dollars ($10,000,000.00), together with interest, cost of the action, and for any and all other relief this court deems just and proper.

### FOURTH CAUSE OF ACTION
### WRONGFUL TERMINATION—PUBLIC POLICY VIOLATION/GENDER DISCRIMINATION
### DR. GREGORY VS. USA

For the Fourth Cause of Action against the Defendant United States of America, Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

47.    As a separate common law tort cause of action, Dr. Gregory alleges and states that a significant and motivating factor in the actions of Defendants in terminating her employment was because of her gender, female, and that the Defendants have a lengthy history of treating female employees less favorably than male employees.

48.    Oklahoma has a clear and compelling public policy of protecting employees from discrimination in employment on the basis of gender, female.

49.    Defendants' acts of discrimination and eventually terminating Dr. Gregory's employment was based in whole or in part upon her gender, female, and such was in violation of Oklahoma and Federal statutes and continues to be in violation of

said clear and compelling public policy as evidenced by statutory law, including 25

O.S.§§ 1101 *et seq*., and numerous Oklahoma Supreme Court decisions. *See*, *e.g*.,

S*aint v. Data Exchange, Inc.*, 2006 OK 59, 145 P.3d 1037; *Kruchowski v.*

*Weyerhaeuser Co*., 2008 OK 105, 202 P.3d 144; and *Shirazi v. Childtime Learning*

*Center, Inc*., 2009 OK 13, 204 P.3d 75.

50.    Dr. Gregory does not have an adequate remedy for gender-based discrimination

under federal law, including Title VII, as CNHSA is an Indian tribe and therefore

not considered an "employer".

51.    Dr. Gregory is entitled to recover from Defendants all actual and compensatory

damages, including, but not limited to, damages for loss of wages and income, back

pay, front pay, embarrassment/humiliation, loss of dignity, loss of enjoyment of

life, worry, stress, intentional infliction of emotional distress, and anxiety resulting

from her wrongful discharge.

**WHEREFORE**, the Plaintiff Dr. Gregory respectfully requests the Court for Judgment

against the Defendant United States of America and award her damages in the amount of ten

million dollars ($10,000,000.00) for back pay, front pay, compensatory damages, together with

interest, costs of the action, and for any and all other relief this court deems just and proper.

### FIFTH CAUSE OF ACTION
### *BIVENS* ACTION
### DR. GREGORY VS. DEFENDANTS DR. HILL, DR. HAYES, AND JOHN DOES 1-30

For the Fifth Cause of Action against Defendants Dr. Hill, Dr. Hayes, and John Does 1-30,

Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she

further alleges and states:

52.     Dr. Gregory had a vested, legally cognizable property right in her continued employment by CNHSA via her employment agreement entitling her to both procedural and substantive due process rights before her employment could be terminated.

53.     Dr. Gregory had a legitimate and sufficient expectation she would, without limitation: receive both procedural and substantive due process, including hearing, before her employment could be terminated; and not be subject to discrimination based on her gender, female, in violation of federal anti-discrimination statutes.

54.     Dr. Hill, Dr. Hayes, and John Does 1-30 are Dr. Gregory's former employers, managers, supervisors, and/or coworkers who were decisionmakers, and persons assisting them. Dr. Hill and Dr. Hayes were also in charge of the daily operations of the CNHSA in Talihina and were directly involved in and committed acts and omissions that give rise to this action.

55.     The actions undertaken by Dr. Hill, Dr. Hayes, and John Does 1-30 described below were performed under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the United States.

56.     Dr. Hill, Dr. Hayes, and John Does 1-30 negligently, intentionally, and recklessly failed to create, implement and enforce appropriate policies and procedures for the protection of Dr. Gregory's rights not to be discriminated against because of her gender, and protecting her due process rights under the United States Constitution. Dr. Hill, Dr. Hayes, and John Does 1-30 further maintained a pattern and practice of this unlawful activity at CNHSA.

11

57.    Defendants Dr. Hill, Dr. Hayes, and John Does 1-30 as federal officials employed by the CNHSA, acting under color of federal statute, regulation, custom or law, by discriminated fabricating alleged misconduct and inadequate medical care by Dr. Gregory; falsely and publicly accusing her of providing inadequate medical care,; all which caused Dr. Gregory to be subjected to the deprivation of her rights, privileges, and immunities secured by the Fifth Amendment of the Constitution of the United States and its laws.

58.    The only persons at CNHSA capable of protecting Dr. Gregory's federal rights were  Dr. Hill, Dr. Hayes, and certain John Does 1-30. Dr. Hill, Dr. Hayes, and John Does 1-30 terminated Dr. Gregory's employment in violation of federal anti-discrimination statutes, and the Fifth Amendment to the United States Constitution.

59.    Defendant Dr. Hill, Dr. Hayes, and John Does 1-30 personally participated in the violations of Dr. Gregory's constitutional rights. Their actions were reckless, knowing, intentional, malicious and/or wanton violation of Dr. Gregory's rights under the Fifth Amendment to not be deprived of life, liberty, or property without due process, and renders them liable in an action at law or other proceeding for redress of the injuries she sustained.

60.    Dr. Gregory is entitled to relief from Defendant Dr. Hill, Dr. Hayes, and John Does 1-30 under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

61.    Dr. Gregory is entitled to damages from Defendant Dr. Hill, Dr. Hayes, and John Does 1-30 for loss of wages and income, back pay, front pay, embarrassment/humiliation, loss of dignity, loss of enjoyment of life, worry, stress,

intentional infliction of emotional distress, and anxiety resulting from her wrongful discharge. Dr. Gregory is further entitled to an award of punitive damages.

**WHEREFORE**, the Plaintiff Dr. Gregory respectfully requests the Court enter Judgment against Defendant Drs. Hill, Hayes, and John Does 1-30 and award her compensatory damages in excess of five million dollars ($5,000,000.00), punitive damages in excess of five million dollars ($5,000,000.00), prejudgment and post judgment interest, attorneys' fees incurred, costs of the action, and any other relief deemed just and equitable.

### SIXTH CAUSE OF ACTION
### BREACH OF CONTRACT
### DR. GREGORY VS. USA

For the Sixth Cause of Action against the Defendant United States of America, Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

62.     The Plaintiff and the USA entered into a contract pertaining to her employment.

63.     Numerous other documents prepared by the USA set forth additional contractual duties between itself and Dr. Gregory.

64.     Dr, Gregory performed fully and competently all contractual duties and responsibilities set forth in the contract.

65.     The USA breached its contract with Dr. Gregory on the grounds stated above and throughout, and other grounds which will be revealed over the course of discovery.

66.     Dr. Gregory was therefore damaged as a result of the USA's breach of contract, she is entitled to receive the benefit of the bargain between herself and USA, and is entitled to all other contractual rights and benefits to which the parties had agreed and which she was deprived.

67.     The services Dr. Gregory provided the USA are those contemplated by 12 O.S. §936; therefore, Dr. Gregory is entitled to recover her incurred attorneys' fees and costs.

**WHEREFORE**, the Plaintiff Dr. Gregory respectfully requests the Court for Judgment against the Defendant United States of America and award her compensatory damages in excess of one million dollars ($1,000,000.00); prejudgment and post judgment interest, attorneys' fees incurred, costs of the action, and any other relief deemed just and equitable.

SEVENTH CAUSE OF ACTION
DEFAMATION
DR. GREGORY VS. DEFENDANTS

For the Seventh Cause of Action against the Defendants Dr. Hill, Dr. Hayes, and John Does 1-30, Dr. Gregory adopts and re-alleges all of her allegations above as if fully set forth herein; and she further alleges and states:

68.     Dr. Hill, Dr. Hayes, and John Does 1-30 repeatedly made false and unprivileged publications about Dr. Gregory's conduct. Such false and unprivileged statements and publications, including those stated in paragraph 82, each acquiesced to and endorsed by the Dr. Hill, Dr. Hayes, and John Does 1-30, gives rise to a slander *per se* claim against them individually pursuant to 12 O.S. §1442.

69.     Such defamatory and slanderous publications and statements by the Dr. Hill, Dr. Hayes, and John Does 1-30 were intended to directly injure Dr. Gregory.

70.     Dr. Hill's, Dr. Hayes', and John Does 1-30's defamatory and slanderous statements by natural consequence caused Dr. Gregory actual damages, humiliation, and embarrassment.

71.    Dr. Hill, Dr. Hayes, and John Does 1-30 knew that such statements and publications would be highly offensive to a reasonable person.

72.    Dr. Hill's, Dr. Hayes', and John Does 1-30's statements and publications were reckless, egregious and malicious entitling Dr. Gregory to an award of punitive damages.

**WHEREFORE**, the Plaintiff Dr. Gregory respectfully requests the Court enter Judgment against the Defendant Dr. Hill, Dr. Hayes, and John Does 1-30, and award her damages in the amount of ten million dollars ($10,000,000.00), together with interest, cost of the action, and for any and all other relief this court deems just and proper.

Respectfully submitted,

By: */s/ A. Laurie Koller*
A. Laurie Koller, OBA #16857
KOLLER TRIAL LAW, PLLC
3701-A S. Harvard, #396
Tulsa, Oklahoma 74135
laurie@kollertriallaw.com
(918) 216-9596
(918) 248-8238 Fax

-and-

ERIC ANTHONY MARESHIE, OBA#18180
E. ANTHONY MARESHIE, P.L.L.C.
P.O. Box 330161
Tulsa, Oklahoma 74133-0161
tulsalegal@gmail.com
(918) 519-3771 - Telephone
(918) 970-6927 – Facsimile
***Counsel for Plaintiffs***