IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MYRA GREGORY,                          )
                                       )
                Plaintiff,             )
                                       )
v.                                     )        Case No. CIV-20-308-JAR
                                       )
UNITED STATES OF AMERICA;              )
UNITED STATES DEPARTMENT               )
OF HEALTH AND HUMAN SERVICES;          )
JASON HILL, an individual;             )
WILLIAM HAYES, an individual;          )
and JOHN DOES 1-30, unknown            )
individuals of the Choctaw             )
Nation Healthcare Services             )
Authority,                             )
                                       )
                Defendants.            )

## OPINION AND ORDER

This matter comes before the Court on the following motions:

1) Defendant United States of America's Motion to Dismiss
   Plaintiff's Second Amended Complaint (Docket Entry #46); and

2) Defendants Jason Hill and William Hayes' Motion to Dismiss
   Second Amended Complaint (Docket Entry #47).

### Procedural History

This case was initiated by Plaintiff Myra Gregory on September 8, 2020. (Docket Entry #2). Thereafter, Plaintiff filed a First Amended Complaint on November 14, 2020. (Docket Entry #19). On November 23, 2021, this Court entered an Opinion and Order granting the Motions to Dismiss which had been filed by Defendants United States of America, Jason Hill, and William Hayes. (Docket Entry #44). Plaintiff, however,

1

was given leave to file a Second Amended Complaint as a final attempt to resurrect the claims which had been dismissed. Id. Consequently, Plaintiff filed a Second Amended Complaint on December 7, 2021. (Docket Entry #45). In response, Defendant United States and Defendants Hill and Hayes filed separate motions to dismiss.

**Allegations Relevant to All Pending Motions**

Plaintiff Myra Gregory is a former employee and physician for the Choctaw Nation through the Choctaw Nation Health Services Authority ("CNHSA"). She was originally hired in the spring of 2015 but alleges she was later terminated.

During her employment, Plaintiff alleges that CNHSA's executive board and Defendants Hill and Hayes, who were members of the board, took certain actions against her which she believes support actionable legal claims. Reviewing the Second Amended Complaint, including the additions to the allegations of factual support for her claims which were not a part of the First Amended Complaint finds the following summarized actions:

- Complaints that Plaintiff did not see enough "clinic" patients instead of hospital patients in the clinic.

- Criticism of Plaintiff's medication prescribing.

- Being falsely accused of making "too many mistakes" by Defendants Hill and Hayes, who ordered her to leave the property and not return to work.

- Refusing to show Plaintiff the charts supporting the mistakes she allegedly made, including not allowing her to take a random file home with her of one of the alleged

mistakes.

- Plaintiff was instructed to go home because of a "disability" when she became ill and was required to have surgery. She was not trusted with patient care and had to remain home until her physician authorized her return to work.

- Plaintiff was not removed from the work schedule while she awaited her surgery in an effort to undermine her ability to obtain short-term disability and leave her without income.

- After her surgery, Plaintiff took time off to recuperate but was forced to request a return to work early because she was struggling financially due to her not being allowed to work. Defendant Hill refused to allow her to return to work.

- After returning to work, Plaintiff was not allowed to earn extra income by taking after-hours call work and admit work.

- Under her employment agreement, Plaintiff states that she had "the lawful right to examine all evidence and charts used by the Defendants to remove her medical privileges." Defendants, Plaintiff suggests, refused her requests to seek the records.

- Plaintiff was instructed to meet with the executive committee. At the meeting, she demanded to see the evidence of her "mistakes" but her demand was "rebuffed" and she was told not to discuss the meeting with anyone. While others attended the meeting, only Defendants Hill and Hayes were permitted to speak.

- Plaintiff told the committee that she could return to work, but she was refused. Defendant Hayes told her she had committed numerous "mistakes" but because she could not see the records, she did not know the circumstances or the patient involved.

- Plaintiff was only allowed to return to work after a certain number of charts had been reviewed by Defendants Hayes and Hill, with the number of charts changing.

3

- Plaintiff believed her "days were numbered as a CNHSA employee, fearing she would become unemployed.

- In the fall of 2017, another female physician allegedly complained of sexual harassment. She ultimately quit when the executive committee investigated her and the male employee was allowed to stay.

- Defendant Hill accused Plaintiff of causing a pneumonia to develop in a patient admitted to another facility, despite knowing Plaintiff had not seen the patient for some time and the patient had refused to fill a prescription to treat the illness. The daughter of the patient was a CNHSA employee who assisted in Plaintiff's termination. Defendant Hayes later informed Plaintiff that her care of the patient was not "negligent or violated a known standard of care."

- Plaintiff was required to disclose that her medical privileges had been revoked at CNHSA to state licensing officials.

- Despite being entitled to disability benefits, Plaintiff was informed that those responsible for scheduling and supervising Plaintiff knew she would not receive disability benefits because of their efforts.

- Plaintiff was subjected to "punitive and humiliating oversight requirements and threats, including drug testing, threats to have her reviewed by the medical review board, and publicly accusing her of negligence or medical care below the standard of medical care.

- The revocation of Plaintiff's medical privileges negatively impacted her medical license and insurability.

- Plaintiff asked Defendant Hayes to reinstate her privileges. He laughed and told her that no one at CNHSSA had actually revoked her privileges.

- On May 12, 2019, Plaintiff was informed that her employment contract would be terminated in 60 days, without providing and explanation.

- Before the 60-day period had expired, she was called and told not to render treatment to a patient and to

vacate the premises. Plaintiff's employment agreement provided for the automatic renewal for a 12-month term beginning on the date of execution, March 27, 2015. CNHSA breached the agreement.

- None of the bases for termination of Plaintiff's employment under the agreement were present at her termination. She was terminated eight months before her employment term expired under the agreement.

- Defendants Hill and Hayes publicly claimed Plaintiff " walked off the job." They told CNHSA staff that Plaintiff was not competent.

- CNHSA was required to "manage its business affairs in accordance with any applicable federal, state, or local laws, or its statutes, and that all employees must maintain all federal Medicare credentialing. Plaintiff also claims that discovery would uncover evidence "establishing that the acts and omissions of Dr. Hill, Dr. Hayes, and John Does 1-30 were under color of authority of federal law, and such were the cause in fact of the violation of [Plaintiff's] constitutional rights. She also asserts that records in CNHSA's possession would demonstrate Defendants were acting under color of federal law.

- Plaintiff sets out in the Second Amended Complaint various other instances involving intimidation of other physicians, particularly female physicians, with whom the executive committee and Defendants Hill and Hayes disagreed in an effort to terminate them.

Plaintiff maintains the following claims in the Second Amended Complaint:

1. Negligence and Negligence *Per Se* Against Defendant United States – Plaintiff alleges Defendant United States "owed common law and statutory duties to protect persons such as [Plaintiff] from tortious acts committed by its employees or officers" including constitutional violations and discriminatory conduct. Plaintiff

includes within these "statutory duties" "blacklisting" and "defamation" in violation of state laws.  She also states that "employees of the United States must follow and comply with prescribed statutes, regulations, and policies that govern the implementation of the duties, tasks, and behavior concerning each employee."

Plaintiff also cites to 28 U.S.C. §1346(b), stating that the United States is liable where it would be liable as a private person.  She states that "Federal employees subject to the FTCA such as the named defendants and those CNHSA employees that participated in the abuse [Plaintiff] endured, are not authorized by federal statute, regulation, or policy, or otherwise have any discretion, to commit grossly negligent or intentional torts of defamation, false light, blacklisting, unlawful termination, and gender discrimination."  She alleges that "CNHSA through its employees/representatives, had not discretion, much less a personal judgment, in engaging in tortious and unlawful acts of abuse and intimidation leading to [Plaintiff's] termination and thereafter post-employment behavior."

Plaintiff alleges that "The CNHSA, through its employees/representatives such as Drs. Hill and Hayes,

Dr. Baughman, and members of the CNHSA executive committee, were mandated by federal law, policy and regulation, not to publicly utter false and malicious allegations of malfeasance or negligence by [Plaintiff], arbitrarily deprive her of rights to counsel during committee review, to withhold from her evidence and medical charts that allegedly supported those allegations, to baselessly deprive her of her medical privileges, allow [Plaintiff] to inform state licensing bodies that her privileges had been revoked even though they knew that to be false, to actively undermine through scheduling schemes to deny her rights to disability payments, accuse [Plaintiff] of walking off the job to her former patients, ordering [Plaintiff] to stop caring for a particular patient mid-procedure with the intent of communicating to the patient and CNHSA staff she was a danger; and all activities they engaged in after she was no longer an employee and no longer had any relationship to her." She further states that "All errors, omissions and commissions of which [Plaintiff] alleges of CNHSA and the individually-named defendants are the sole result of ministerial acts" and "At all times material to this action, Defendant, by and through its staff, employees and/or agents, acting

7

within the course and scope of their employment and/or agency negligently breached legal duties owed to [Plaintiff]."

2.    Intentional Infliction of Emotional Distress Against Defendants[1] – Plaintiff sets out the acts of Defendants which give rise to the claim.   These acts include requiring drug testing "for no reasonable purpose but only to humiliate her"; accusing her of child trafficking; lying to her about her medical privileges being suspended; firing her then ordering her away from a patient in the middle of treatment; ordering her to immediately exit the facility to leave the impression she was a danger patients; forcing her to "essentially lie" to Oklahoma's medical licensing body when she informed it that her privileges were suspended or revoked; publicly defaming and humiliating her before her former co-workers and patients "by lying about her work performance"; wrongfully and unlawfully blacklisting her to potential employers "by lying to them about her work performance; and generally making it substantially difficult for her to find new

---

1 The title to the Second Cause of Action is "Intentional Infliction of Emotional Distress – Dr. Gregory vs. Defendants", implying that the claim is asserted against all of the named Defendants.  The prayer for relief to this claim requests "this Court enter Judgment against the Defendants" with "costs and expenses, punitive damages against Drs. Hill and Hayes."

employment.

3.    False Light Against Defendants Hill and Hay2 – Plaintiff
      alleges Defendants Hill and Hayes "publicly accused
      [her] in 2015-2019 of committing negligent and injurious
      acts on her patients to numerous CNHSA employees and
      the public in general, they questioned her medical
      decision-making and accused her of making inappropriate
      medical decisions, and publicly stated to [Plaintiff's]
      former patients and her coworkers that she abandoned
      them or 'walked of the job' in June of 2019."  Plaintiff
      alleges that the intent of making these statements was
      to place Plaintiff in "a false and negative light."

4.    Wrongful Termination – Public Policy Violation/Gender
      Discrimination Against Defendant United States –
      Plaintiff alleges that a "significant and motivating
      factor" in the actions taken by Defendants was to
      terminate Plaintiff because of her gender.  Plaintiff
      contends these actions are against public policy in
      Oklahoma and that Title VII does not provide her with
      an adequate remedy under federal law.

---

2 The title to the Third Cause of Action is "False Light – Dr. Gregory vs.
Defendants", implying that the claim is asserted against all of the named
Defendants.  The prayer for relief to this claim, however, requests "the Court
enter Judgment against the Defendants, **in particular Dr. Hill and Dr. Hayes.**"
This Court interprets this limitation as an assertion that the claim is only
brought against Defendants Hill and Hayes.

5.    Defamation Against Defendants Hill and Haye3 – Plaintiff
      asserts that Defendants Hill and Hayes "made false and
      unprivileged publications" which gave "rise to a slander
      *per se* claim against them individually pursuant to 12
      O.S. §1442."  Statements made by these Defendants after
      Plaintiff was no longer an employee of CNHSA "were
      intended to directly injure her both personally and to
      leave her unemployable.

          Plaintiff seeks $10,000,000.00 in damages for
      these alleged transgressions.

### Standard in Evaluating Dismissal Requests

All Defendants seek dismissal based in Fed. R. Civ. P. 12(b)(1), a
lack of subject matter jurisdiction.  Rule 12(b)(1) empowers a court to
dismiss a complaint for "lack of subject matter jurisdiction." Fed. R.
Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on
the merits of a plaintiff's case, but only a determination that the court
lacks authority to adjudicate the matter. *See* Castaneda v. INS, 23 F.3d
1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of
limited jurisdiction and may only exercise jurisdiction when
specifically authorized to do so).  A court lacking jurisdiction "must

---

3 The title to the Fifth Cause of Action is "Defamation – Dr. Gregory vs.
Defendants", implying that the claim is asserted against all of the named
Defendants.  The prayer for relief to this claim, however, requests "the Court
enter Judgment against the Defendant **Dr. Hill, Dr. Hayes,** and John Does 1-30."
This Court interprets this limitation as an assertion that the claim is only
brought against Defendants Hill and Hayes.

dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. See Basso, 495 F.2d at 909.

Since Defendant United States is a sovereign, Plaintiff must also show that she relies upon a statute which provides for a specific waiver of the United States' sovereign immunity. "'The concept of sovereign immunity means that the United States cannot be sued without its consent.' Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992). Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived. Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 1290, 1295 (10th Cir. 2009). Consequently, plaintiffs may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Sydnes v. United States, 523 F.3d 1179, 1182-83 (10th Cir. 2008)." Iowa Tribe Of Kansas & Nebraska v. Salazar, 607 F.3d 1225, 1232 (10th Cir. 2010).

Defendants Hill and Hayes also seek dismissal of some of the claims against them under Fed. R. Civ. P. 12(b)(6), alleging the claims fail to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Clearly, Bell Atlantic changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions.  Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted).  Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570.  The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic,  550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"  Robbins v. Oklahoma, 519 F.3d

1242, 1247 (10th Cir. 2008).  The <u>Bell Atlantic</u> case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2).  <u>Khalik</u>, 671 F.3d at 1191.  Rather, in <u>Khalik</u>, the Tenth Circuit recognized the United States Supreme Court's continued endorsement of Rule 8's "short and plain statement" requirement in the case of <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Id</u>. at 93.

### United States' Dismissal Request under Rule 12(b)(1)

Defendant United States contends that the claims asserted against it by Plaintiff – First Cause of Action for negligence and Fourth Cause of Action for wrongful termination against public policy and it appears also for the Second Cause of Action for Intentional Infliction of Emotional Distress – brought pursuant to the Federal Tort Claims Act ("FTCA") should be dismissed for a lack of subject matter jurisdiction. Defendant United States alleges in the Motion that Plaintiff has failed to "allege cognizable claims to avoid dismissal under the [FTCA]." Defendant also contends that the exception under the FTCA for discretionary functions precludes Plaintiff from obtaining relief under the First and Fourth Cause of Actions.

Through the FTCA, "Congress granted a 'limited waiver of sovereign immunity' by 'making the Federal Government liable to the same extent as a private party for certain torts of federal employees.'" <u>Ohlsen v.</u>

United States, 998 F.3d 1143, 1153 (10th Cir. 2021) quoting United States
v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).
Specific exceptions to this limited waiver are recognized under the FTCA.
The Tenth Circuit has provided three "guiding principles" in analyzing
any waiver to the United States' sovereign immunity - "that a 'waiver
of sovereign immunity must be strictly construed, in terms of its scope,
in favor of the sovereign,' (2) that '[e]xceptions to the FTCA are to
be narrowly construed,'; and (3) that the party suing the government
bears the burden to prove a waiver of sovereign immunity." Id. at 1154
(internal citations omitted).

The exception to the FTCA's waiver of sovereign immunity applicable
to this case is the discretionary function exception.  This provision
excepts from liability "[a]ny claim . . . based upon the exercise or
performance or the failure to exercise or perform a discretionary
function or duty on the part of a federal agency or an employee of the
Government, whether or not the discretion involved be abused." 28 U.S.C.
§ 2680(a).  As the Tenth Circuit explains, "[p]ut simply, 'if a
government official in performing his statutory duties must act without
reliance upon a *fixed or readily ascertainable standard*, the decision
he makes is discretionary and within the [discretionary-function
exception]. Conversely if there is a standard by which his action is
measured, it is not within the exception.'" Id. at 1160 quoting Miller
v. United States, 710 F.2d 656, 663 (10th Cir. 1983).

14

In order for Plaintiff to avoid the application of the discretionary function exception, she must satisfy the two-prong test set forth in Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). First, the Court must determine "whether the action is a matter of choice for the acting employee." Id. at 536. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" United States v. Gaubert, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (quoting Berkovitz, 486 U.S. at 536, 108 S.Ct. 1954).

While Plaintiff has provided further elaboration on the facts supporting her claim in the Second Amended Complaint, she had wholly failed to identify any statute, regulation, or policy of the United States which would require a certain treatment of employees at the CNHSA. Moreover, the organization of the CNHSA necessarily precludes such mandatory treatment. CNHSA and the Choctaw Nation Medical Center which it operates are entities of the Choctaw Nation, a sovereign separate and apart from the United States. Plaintiff would be hard pressed to find an applicable federal statute, regulation, or policy which would govern their actions. As this Court previously noted, the FTCA is not a vehicle for asserting claims against the United States which would be unavailable against the CNHSA because of tribal sovereign immunity. Miller v. United

States, 992 F.3d 878, 886 (9th Cir. 2021)("[W]e note at the outset that Tribes are expressly excluded from coverage under the relevant laws that would preclude a private employer or a federal agency from doing whet that Tribe allegedly did here."). As a result, this Court finds Plaintiff has failed in the first stage of the Berkovitz test.

In the second stage, if we determine that there is a matter of choice or judgment, we must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." Berkovitz, 486 U.S. at 536, 108 S.Ct. 1954. This "prevent[s] judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." Gaubert, 499 U.S. at 323, 111 S.Ct. 1267 (internal quotation marks and citation omitted); *see also* Harrell v. United States, 443 F.3d 1231, 1235-36 (10th Cir. 2006) ("[T]he court must consider whether the nature of the actions taken implicate public policy concerns, or are susceptible to policy analysis." (internal quotation marks and citation omitted)). The Court does "not inquire into the intent of the government supervisor when making a specific personnel decision, and neither do we ask whether policy analysis is the *actual* reason for the decision in question." Sydnes v. United States, 523 F.3d 1179, 1185 (10th Cir. 2008) (internal quotation marks and citations omitted). Both prongs must be met for Plaintiff to avoid the application of the discretionary function exception. Id. at 1183.

The Tenth Circuit has necessarily determined that "[d]ecisions

16

regarding employment and termination are inherently discretionary . . . and such sensitive decisions are precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing."  Richmond v. Straley, 48 F.3d 1139, 1146-47 (10th Cir. 1995).

Nothing in the additional allegations set out in the Second Amended Complaint removes the actions taken by CNHSA from this discretion necessarily exercised in the employment actions taken against Plaintiff. This Court will not second-guess the employment decisions made by the governing body within the CNHSA – regardless of "the *actual* reason for the decision in question", Sydnes, 523 F.3d at 1185 or "whether the government's conduct was negligent or wrong." Binion v. United States, 2014 WL 5780713, at *4 (D. Colo. Oct. 31, 2014) (citing Duke v. Dept. of Agric., 131 F.3d 1407, 1410 (10th Cir. 1997).

Having failed to demonstrate that the discretionary function exception to the FTCA does not apply in this case, Plaintiff's claims based in state law for negligence, negligence *per se*, wrongful termination, and intentional infliction of emotional distress cannot be maintained.  This Court is deprived of the necessary subject matter jurisdiction to consider these claims and they must, therefore, be dismissed as they are alleged against Defendant United States.[4]

---

4 Defendant United States also contends the claims Plaintiff asserts against it are not cognizable and are subject to dismissal under Rule 12(b)(6).  Because this Court lacks the necessary jurisdiction to address Plaintiff's claims against the United States, further analysis under Rule 12(b)(6) is not required.

### Defendants Hill's and Hayes' Dismissal Requests
### Under Rule 12(b)(1)

Defendants Hill and Hayes requests that this Court reconsider its prior ruling that the sovereign immunity of the Choctaw Nation bars suit against them.  In formulating her Second Amended Complaint, Plaintiff specifically states that the claims asserted against Defendants Hill and Hayes are brought against them in their individual capacity, rightly or wrongly under the facts and circumstances of the case.  Factually, Plaintiff maintains allegations against the individual Defendants separate and apart from CNHSA or the United States.  Sovereign immunity "does not erect a barrier against suits to impose individual and personal liability" although the Court must look to determine from whom relief is requested.  <u>Lewis v. Clark</u>, ____ U.S. ____, 137 S.Ct. 1285, 1290-91 (1991).  Consequently, this Court will not apply sovereign immunity to the claims against the individual Defendants.

### Defendants Hill's and Hayes' Dismissal Request
### Under Rule 12(b)(6)

The Court turns to the sustainability of Plaintiff's state law claims against the individual Defendants.  In the Second Cause of Action, Plaintiff asserts a claim for intentional infliction of emotional distress.  Such a claim requires a showing that  (1) the alleged tortfeasor acted intentionally or recklessly;  (2) the alleged tortfeasor's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe.  <u>Durham v. McDonald's Restaurants of Oklahoma, Inc.</u>, 256 P.3d

64, 66 (Okla. 2011) citing Computer Publications, Inc. v. Welton, 49 P.3d 732, 735 (Okla. 2002). The Court is required to "make the 'gatekeeper' or threshold determination of whether the defendant's conduct may reasonably be regarded as extreme and outrageous. . . . The test is whether the conduct is so extreme in degree as to go beyond all possible bounds of decency, and is atrocious and utterly intolerable in a civilized community. Id. at 67.

This Court maintains that the Second Amended Complaint lacks the required specificity of who committed the allegedly outrageous act – Plaintiff addresses "Defendants Hill and Hayes" as a single entity through much of the document, when did they commit it, and what precisely did each Defendant say or do that was outrageous. As previously noted, "[w]ork place discrimination cases rarely present facts sufficient to constitute the type of extreme and outrageous behavior required to stat a claim for IIED." Puckett v. Spirit Aerosystems, Inc. 2013 WL 1944889, at *2 (N.D. Okla. May 9, 2013). Because Plaintiff's claims lack the specificity required as to each Defendant, the intentional infliction claim is subject to dismissal. Bruton v. Okla. Dept. of Corr., 2019 WL 3413853, *6 (W.D. Okla. July 29, 2019).

Additionally, this Court does not find that the actions of the individual Defendants are of a sufficiently outrageous character to be actionable. They do not "go beyond all possible bounds of decency" and, therefore, is subject to dismissal

Plaintiff also asserts a claim for false light against the

individual Defendants.   In order to prevail on a false light claim, Plaintiff must demonstrate (1) the individual Defendants gave publicity to a matter concerning Plaintiff that placed Plaintiff before the public in a false light; (2) the false light in which Plaintiff was placed would be highly offensive to a reasonable person; and (3) the individual Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.   <u>Mitchell v. Griffin Television, L.L.C.</u>, 60 P.3d 1058, 1061 (Okla. Ct. App. 2002) citing <u>McCormack v. Oklahoma Pub. Co.</u>, 613 P.2d 737, 740 (Okla. 1980).   Further, "the right of action for false light invasion of privacy is a product of the same societal need as the tort of outrage or intentional infliction of emotional distress, which will lie only in the presence of extreme and outrageous conduct." <u>Colbert v. World Pub. Co.</u>, 747 P.2d 286, 292 (Okla. 1987).

Certainly, if the conduct alleged was not sufficiently outrageous to maintain a claim for intentional infliction of emotional distress, the same conduct does not rise to the level of being actionable for false light.   Plaintiff essentially made little to no effort to improve the specificity of the allegations in the Second Amended Complaint.   She continues to fail to attribute the conduct alleged to each individual Defendant, instead choosing to treat them as a group.   As such, the allegations as stated are insufficient to state a claim for false light against the individual Defendants and must be dismissed.

The final claim asserted against the individual Defendants is one

20

for defamation.  The statute of limitations for defamation is one year. Okla. Stat. tit. 12 § 95(A)(4).  The case was filed on September 8, 2020 and the conduct alleged to support the defamation claim occurred outside of one year prior to this date.  The claims prior to September 8, 2019 are time barred.  Those that allegedly arise after that date lack the required specificity as to the individual Defendant involved, the timing of the conduct, and the nature of the comments such that they may not be found to be defamatory.  The defamation claim, therefore, must be dismissed.  Bruton, *supra* at *6.

Since Plaintiff has previously been allowed leave to amend the allegations made in this action, further opportunity to amend would be futile.  Consequently, this action will be dismissed in its entirety.

IT IS THEREFORE ORDERED that Defendant United States of America's Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry #46) is hereby **GRANTED**.  The claims asserted against Defendant United States of America are hereby **DISMISSED**.

IT IS FURTHER ORDERED that Defendants Jason Hill and William Hayes' Motion to Dismiss Second Amended Complaint (Docket Entry #47) is hereby **GRANTED**.  All claims asserted against Defendants Hill and Hayes are hereby **DISMISSED**.

IT IS FURTHER ORDERED that the action against the unidentified parties "John Does 1-30" is also **DISMISSED** as improper.

IT IS SO ORDERED this <u>30th</u> day of September, 2022.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE